IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISIAH WILLIAMS, | : | CIVIL ACTION NO. 3:17-cv-1730 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendants | : | |

FILED SCRANTON FEB 2 8 2018 PER \_\_\_ DEPUTY CLERK

## MEMORANDUM

Isiah Williams ("Plaintiff"), a Commonwealth of Pennsylvania inmate presently incarcerated at the State Correctional Institution at Frackville ("SCI-Frackville"), Pennsylvania, filed this civil rights action on September 25, 2017. Named as Defendants are various officials and employees of the Pennsylvania Department of Corrections ("DOC"). Plaintiff alleges due process violations stemming from Defendants' failure to comply with the Interstate Agreement on Detainers Act ("IADA"). See 18 U.S.C.App. II ("IADA"); 42 PA.C.S.A. § 9101. (Doc. 1).

Plaintiff seeks to proceed *in forma pauperis*. (Doc. 2). A federal court must dismiss a civil action filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons set forth below, the Court concludes that the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.  **Standard of Review**

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying FED. R. CIV. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. Cty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Under the pleading regime established by [Bell Atl. Corp. v.] Twombly, 550 U.S. 544 (2007) and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the]

2

plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679, 129 S.Ct. 1937. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937." Connelly v. Lane Const. Corp., 809 F.3d 780, 787–88 (3d Cir.2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). At the second step, the Court identities those allegations that, being merely conclusory, are not entitled to the presumption of truth. Twombly and Iqbal distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." Iqbal, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## II. **Allegations of the Complaint**

On March 10, 2014, Plaintiff pled guilty in the State of New Jersey on charges of unlawful possession of a firearm and eluding/flight from law enforcement. ((Doc. 1, ¶

3

11; Doc. 1-1, pp. 14-18). Prior to his sentencing date of April 25, 2014, he was arrested in Philadelphia County. (Doc. 1, ¶ 13). He is currently serving a Court of Common Pleas of Philadelphia County, Pennsylvania, sentence of five to ten years for unlawful possession of a firearm in violation of 18 Pa. C. S. § 6105. (Doc. 1, p. 3, ¶ 13).

He alleges that, despite a September 3, 2015 Order issued by the Philadelphia County Court of Common Pleas, which orders that he "is to be delivered, forthwith, to the temporary custody of New Jersey for final disposition of New Jersey indictment number: 1344-04…pursuant to 42 Pa.C.S. Section 9101," Defendants have refused to transport him to New Jersey in violation of the IADA. (Doc. 1, ¶¶ 15-20; Doc. 1-1, p. 2). He alleges Defendants' failure to comply with the IADA constitutes a violation of his due process rights. (Doc. 1, ¶ 19).

He seeks punitive damages. (Id. at p. 4).

### III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

4

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Thus, § 1983 limits liability to persons who violate constitutional rights.

Plaintiff alleges that, in failing to comply with the IADA, Defendants violated his due process rights. The IADA is a compact between forty-eight states, the federal government, and the District of Columbia (Mississippi and Louisiana are not parties to the agreement). See 18 U.S.C.App. 2. Among other things, the Agreement "creates uniform procedures for lodging and executing a detainer, *i.e.*, a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different State for a different crime." Alabama v. Bozeman, 533 U.S. 146, 148 (2001). It also "provides for expeditious delivery of the prisoner to the receiving State for trial prior to the termination of his sentence in the sending State." Id. However, the entry of a guilty plea by a defendant "acts as a waiver of the provisions of IADA." U.S. v. Fulford, 825 F.2d 3, 10 (3d Cir.1987), see also U.S. v. Palmer, 574 F.2d 164, 166 (3d Cir. 1978.

Plaintiff's plea of guilty to the New Jersey State charges constitutes a waiver of any protections he may have been afforded under the IADA. Consequently, he fails to state a claim upon which relief may be granted.

To the extent that the complaint may be construed as seeking mandatory relief in the form of an Order directing Defendants to deliver him to the State of New Jersey for sentencing, this Court is without jurisdiction to entertain such a request. The federal statute applicable to mandamus relief, 28 U.S.C. § 1361, provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Because any request for mandatory relief involves compelling a state official to perform a duty, there is no proper jurisdiction under Section 1361, or any other federal statute.

## IV. Leave to Amend

"The obligation to liberally construe a *pro se* litigant's pleadings is well-established." Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) (citing Estelle, 429 U.S. at106). "[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile. " Fletcher–Harlee Corp. v. Pote Concrete Contractors., Inc., 482 F.3d 247, 251 (3d Cir. 2007); see also Foman v. Davis, 371 U.S. 178, 182 (1962). Amendment is futile "if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir.1988); *see also* Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (stating that "[i]n assessing 'futility,'

the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).").

Affording Plaintiff the opportunity to amend would prove futile as he cannot cure the deficiencies plaguing the theory of liability he attempts to advance against the named Defendants.

## V. Conclusion

Based on the foregoing, Plaintiff's complaint (Doc. 1) will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate Order will issue.


BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated:    February 28, 2018